UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK G. KAISER,

                            Plaintiff,

   -against-                                     1:08-CV-0436
                                                              (LEK/RFT)

HIGHLAND CENTRAL SCHOOL DISTRICT,
JOHN MCCARTHY, JO BURRUBY, JOEL
FREER, sued in their individual capacities,

                            Defendants.

**<u>DECISION AND ORDER</u>**

      Presently before the Court is a Motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed by Defendants on August 25, 2008, seeking the dismissal of claims against Defendants John McCarthy, Jo Burruby and Joel Freer ("Individual Defendants"). Dkt. No. 15. Defendants argue that the Complaint fails to state a federal claim against the Individual Defendants under the Equal Protection Clause and 42 U.S.C. § 1983 and that the Court should decline the exercise of supplemental jurisdiction over the Plaintiff's claims against these defendants under New York Executive Law § 296(6). Plaintiff has filed a notice of his decision not to oppose the Motion. Dkt. No. 20.

**I.    Background**

      Plaintiff Mark G. Kaiser filed the Complaint on April 21, 2008, asserting two claims against Defendant Highland Central School District ("District") for discrimination because of Plaintiff's disability under Title I of the Americans with Disabilities Act ("ADA") and under Section 296 of the New York Human Rights Law ("NYHRL"). Complaint at ¶ 39 (Dkt. No. 1).

The Complaint also asserts two claims against the Individual Defendants in their individual capacities, for discrimination because of Plaintiff's disability or perceived disability under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983 and for "aiding and abetting discrimination against plaintiff because of his disability and/or perceived disability" under NYHRL § 296(6).  Complaint ¶¶40-41.

The Individual Defendants argue that the Equal Protection claim should be dismissed because the right that Plaintiff asserts is not protected by the Equal Protection Clause or, in the alternative, because the Individual Defendants are entitled to qualified immunity.  Def's Mem. at 2-7 (Dkt. No. 15, Attach. 4).  They also argue that the Court should decline to exercise supplemental jurisdiction over the NYHRL § 296(6) claim because of the unsettled nature of the state of the law in New York and the potential confusion to the jury in resolving such claims.  Id. at 7-11.

**II.    Discussion**

**A.    Legal Standard**

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006).  For a complaint to survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to suggest a plausible claim for relief.  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1969 (2007).  When deciding a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

Under Local Rule 7.1(b)(3) of the Local Rules of Practice for the Northern District of New York, "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3). Here, Plaintiff has informed the Court that it does not oppose the Motion to dismiss. Dkt. No. 20. Therefore, the only remaining issue is whether Defendants have met the burden "to demonstrate entitlement to the relief requested." N.D.N.Y. L.R. 7.1(b)(3). This burden requires simply that Defendants' Motion to dismiss be "facially meritorious." See, e.g., Hernandez v. Nash, 2003 WL 22143709, at *2 (N.D.N.Y. 2003); Burns v. Trombly, 2008 WL 2003804, at *7 (N.D.N.Y. 2008).

**B.      Equal Protection Claim**

Plaintiff claims that the Individual Defendants violated his Equal Protection rights because they discriminated against him based on his disability or perceived disability. Complaint at ¶ 41. Disability and/or perceived disability are not suspect or quasi-suspect classifications. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985). Therefore, a plaintiff asserting an Equal Protection claim under 42 U.S.C. § 1983 based on disability discrimination is asserting a "class of one" Equal Protection claim, to which the courts apply rational basis analysis. Price v. City of New York, 264 Fed. Appx. 66, 68 (2d Cir. 2008). However, in Engquist v. Oregon Department of Agriculture, the Supreme Court held that the Equal Protection Clause does not apply to a public employee asserting a violation of the Equal Protection Clause under a "class of one"

theory. 128 S.Ct. 2146, 2155-57 (2008). The Court wrote, "[o]ur traditional view of the core concern of the Equal Protection Clause as a shield against arbitrary classifications, combined with unique considerations applicable when the government acts as employer as opposed to sovereign, lead us to conclude that the class-of-one theory of equal protection does not apply in the public employment context." 128 S.Ct. at 2151. The Second Circuit has since adopted this holding, explicitly overruling any contrary existing precedent. Appel v. Spiridon, 531 F.3d 138, 140 (2d Cir. 2008). Plaintiff's Equal Protection claims are thus barred by the Engquist decision and must be dismissed.

**C.      Supplemental Jurisdiction**

Plaintiff's other claim against the Individual Defendants is under NYHRL § 296(6), for "aiding and abetting" acts of disability discrimination by the District. Under 28 U.S.C. § 1367(c), subsections 1 and 4, the Court may decline to exercise supplemental jurisdiction over Plaintiff's NYHRL § 296(6) claim if "(1) the claim raises a novel or complex issue of State law," or "(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Plaintiff's state law claim raises a split among New York courts on the question of individual liability under the HRL. See Hockeson v. N.Y. State Office of Gen. Serv., 188 F. Supp. 2d 215, 222-23 (N.D.N.Y. 2002); Lewis v. Triborough Bridge & Tunnel Auth., 77 F. Supp. 2d 376, 380 n. 6 (S.D.N.Y. 1999) ("The holding in Tomka v. Seiler, 66 F.3d 12 95 (2d Cir. 1995) has engendered great disagreement among New York state courts"). Given that the New York courts are split on this issue, the Court declines to exercise supplemental jurisdiction over the state law claim. See 29 U.S.C. § 1367(c); see also Houston v. National Fidelity Fin. Serv., 1997 WL 97839 * at 10 (S.D.N.Y. 1997) (declining to exercise supplemental jurisdiction over

individuals sued under § 296(6) of the HRL even where the claim involved a common nucleus of operative fact with the federal discrimination claim). Furthermore, the presence of an individual defendant who could be liable under state law for conduct that would not give rise to liability under federal law will create practical difficulties at trial and a considerable risk of jury confusion. See Houston, 1997 WL 97838, at *10. Thus, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED** as against the individual Defendants John McCarthy, Jo Burruby, and Joel Freer; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED: December 08, 2008
         Albany, New York

Lawrence E. Kahn
U.S. District Judge